The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN PETTIGREW,<br><br>    Plaintiff,<br><br> v.<br><br>PRIMELENDING, a PlainsCapital Corporation, et al.,<br><br>    Defendants. | No. C09-0002 RSM<br><br>**STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER**<br><br>**AND PROTECTIVE ORDER** |

## MOTION AND STIPULATION

  The parties hereby stipulate and agree to the entry of the following Stipulated Protective Order ("Order"), pursuant to Fed. R. Civ. Proc. 26(c). The parties acknowledge that certain documents or information will be produced by one or more parties or third parties during the discovery phase of this litigation which are regarded as confidential. Accordingly, the parties hereto, by and through their undersigned counsel of record, move the court to enter and stipulate to the subjoined Protective Order, pursuant to Fed. R. Civ. P. 26(c).

  1. This Order shall be applicable to and govern all depositions, documents, information, or things produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken under the Federal Rules of Civil Procedure and the

STIPULATED PROTECTIVE ORDER - (No. C09-0002 RSM) - 1

4851-4228-3523.01
060109/1018

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

Local Rules for the Western District of Washington, and other information which the producing party designates as "CONFIDENTIAL," hereinafter furnished, directly or indirectly, by or on behalf of any party or any non-party in connection with this action.

2. The following information may be designated as "CONFIDENTIAL": (i) any trade secret or other confidential research, financial, or commercial information; (ii) proprietary business records such as payroll, financial, or other business records; or (iii) employment, personnel, and private information about plaintiff, defendants, or third parties, that are not available from any other source, that a reasonable person would find offensive if made public.

3. Parties shall designate records as confidential information by labeling them as "CONFIDENTIAL" prior to production. Deposition or other pretrial or trial testimony meeting the criteria specified in paragraph 2 above may be designated "CONFIDENTIAL" by a statement on the record by counsel during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as "CONFIDENTIAL." Deposition or other pretrial testimony meeting the criteria specified in paragraph 2 above also may be designated as "CONFIDENTIAL" by stamping a "CONFIDENTIAL" legend on the transcript of such testimony and serving copies on the other parties within 30 days after the transcript is received by the designating party, regardless of whether any confidentiality designation was made on the record at the time the testimony was given.

4. A designation by a party of confidential information shall be made in good faith.

5. Any person or entity not a party who produces documents or gives deposition testimony in this proceeding, whether by reason of a subpoena or

STIPULATED PROTECTIVE ORDER - (No.C09-0002 RSM) - 2
4851-4228-3523.01
060109/1018

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

1 otherwise, may designate as "CONFIDENTIAL" documents he or she produces or
2 testimony he or she gives pursuant to the guidelines and procedures in
3 Paragraphs 2 and 3 of this Order.

4     6. Any party who wishes to challenge another party's designation of
5 information as confidential may proceed at any time as follows:

6     (a) Counsel for such parties shall confer in a good faith to
7 resolve by agreement any differences as to the use or designation of information
8 as confidential information;

9     (b) Failing agreement of the parties, the objecting party may
10 notify the proponent of the confidentiality of the document in writing of the
11 objection and shall identify by category or document number the information as to
12 which relief is sought;

13     (c) Within five business days after receipt of such written notice,
14 the party designating such information as confidential may file a motion with the
15 Court to establish the confidentiality of any such document, which motion shall:

16     (i) Demonstrate with particularity with respect to each
17 challenged item of confidential information the reasons why such information has
18 been properly designated as confidential; and

19     (ii) Demonstrate why the disclosure or use of the
20 particular information might result in harm or injury.

21     (d) If a motion is timely made as provided in Paragraph 6(c), the
22 designation of confidentiality shall remain in full force and effect and the
23 information shall continue to be accorded the treatment required by this Order,
24 until the application with respect to particular confidential information or restricted
25 confidential information is ruled upon by the Court; and

26     (e) If the party designating such information as confidential fails

STIPULATED PROTECTIVE ORDER - (No.C09-0002 RSM) - 3
4851-4228-3523.01
060109/1018

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

to timely make a motion pursuant to Paragraph 6(c) after a party provides written notice pursuant to Paragraph 6(b), the information shall cease to be treated as confidential information under this Order. A challenge to the propriety of a designation of confidentiality may be made at any time and need not be made at the time the designation is made.

7. All documents and testimony designated as confidential, and all information derived solely therefrom, if not available in any other source, shall be used solely for the purpose of preparing and litigating claims in this lawsuit and shall not be disclosed, published in any medium by any party, or disseminated except as provided for in Paragraph 8 below. Any use of documents and testimony designated as confidential, and all information derived solely therefrom, that is inconsistent with this Order shall be a breach of its terms.

8. Except as may be otherwise agreed to by the parties, or ordered by the Court, disclosure of documents and testimony designated as confidential, and all information derived therefrom, shall be limited to:

    (a) A party, or an employee of a party;

    (b) Counsel for a party, or an employee of counsel for a party to whom it is necessary that the information be shown for purposes of preparing or litigating the Lawsuit;

    (c) An expert, consultant, or third party consulted or retained by a party or such party's counsel to assist in preparing or litigating the Lawsuit;

    (d) The Court and any Court staff;

    (e) A court reporter at deposition, hearing, or trial;

    (f) A witness in the Lawsuit, at the deposition of such witness, or during the witness's trial testimony.

    (g) A third-party neutral retained by the parties to assist in

STIPULATED PROTECTIVE ORDER - (No.C09-0002 RSM) - 4

4851-4228-3523.01
060109/1018

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

1  resolution of the Lawsuit.

   9.  Each person described in Paragraph 8(c) or Paragraph 8(f) to whom disclosure of documents and testimony designated as confidential, and all information derived therefrom, is permitted pursuant to this Order shall be provided with a copy of this Order and shall agree in writing to be bound thereby prior to such disclosure by signing an acknowledgement in the form attached hereto as Exhibit A.

   10. Except as is already on file with the Court, if any party files or wishes to file confidential information with the Court, the filing party must file a stipulation and proposed order to seal or a motion to seal pursuant to Local Rule 5(g).  The stipulation or motion must specifically explain why the document should be sealed pursuant to the Local Rules.  The stipulation or motion can either be filed before or concurrent with the document filed under seal.  Any filing containing both confidential information and other non-confidential information shall be filed under seal only to the extent necessary to protect confidential information.

   11. It shall be a violation of this Order for any party to this case, or his or her counsel, to disclose confidential information except as set forth in this Order. Any summary exhibits derived from confidential information that is not available from any other source shall also be governed by the terms of this Order.

   12. Nothing in this Order shall preclude any party, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any records or information, if such records or information are lawfully obtained from a third party, even though the same records or information may have been produced in discovery and designated as confidential.  In addition, nothing in this Order shall preclude any party from contacting witnesses identified in materials designated as confidential.

STIPULATED PROTECTIVE ORDER - (No.C09-0002 RSM) - 5
4851-4228-3523.01
060109/1018

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

13. Nothing in this Order shall bar, or otherwise restrict, any attorney in this matter from rendering advice to his or her client with respect to this litigation or doing anything reasonably necessary to prosecute or defend this litigation.

14. Nothing in this Order shall be construed to prohibit a party from seeking an order compelling the production of confidential information.

15. Nothing in this Order shall be construed to prohibit a party from seeking actual damages against a party for the intentional wrongful disclosure of any confidential information, the disclosure of which is prohibited by this Order. If any person breaches the terms of this Order, the parties shall have the right to seek and obtain all judicial relief as may be appropriate, including damages and equitable or injunctive relief.

16. Nothing in this Order shall preclude a party from pursuing a protective order or moving to seal any portion of the Court file at any time if such action is deemed necessary by either party in either party's sole discretion.

17. This Order shall remain in force and effect until further order of this Court.

18. Insofar as the provisions of this Order restrict the use of confidential information, this Order shall continue to be binding after the conclusion of this litigation.

19. Confidential information received by counsel, experts, consultants, or third parties retained or consulted in this matter, shall be returned to counsel for the producing party within 30 days after judgment in this action becomes final and all rights of appeal are exhausted.

20. Any modification of this Order must be approved and signed by the Court. Nothing in this Order shall prohibit any party from seeking to modify any

STIPULATED PROTECTIVE ORDER - (No.C09-0002 RSM) - 6
4851-4228-3523.01
060109/1018

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

provision of this Order upon good cause shown.  The Court may modify this Order on its own motion after notice to the parties and an opportunity to be heard.

21. This Order is without prejudice to any party's right to demand or oppose discovery on any grounds permitted by the Federal Rules of Civil Procedure and is without prejudice to any other party's right to contest any such assertions.

It is so stipulated and agreed between the parties, by and through their respective counsel.

DATED this 28th day of May, 2009.

| GRAHAM & DUNN PC | RIDDELL WILLIAMS P.S. |
|---|---|
| By: s/ Edward W. Pettigrew<br>Edward W. Pettigrew, WSBA #2272<br>Attorneys for Plaintiff | By: s/ Karen F. Jones<br>Karen F. Jones, WSBA #14987<br>Gena M. Bomotti, WSBA #39330<br>Attorneys for Defendants |

### **ORDER**

The parties having jointly stipulated to the Protective Order set forth above, and good cause appearing, IT IS SO ORDERED.

DATED this 1 Day of June, 2009.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

STIPULATED PROTECTIVE ORDER - (No.C09-0002 RSM) - 7

4851-4228-3523.01
060109/1018

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

Presented by:

RIDDELL WILLIAMS P.S.

By: s/ Karen F. Jones
　　Karen F. Jones, WSBA #14987
　　Gena M. Bomotti, WSBA #39330
　　Attorneys for Defendants


GRAHAM & DUNN PC


By: s/ Edward W. Pettigrew
　　Edward W. Pettigrew, WSBA #2272
　　Attorneys for Plaintiff

STIPULATED PROTECTIVE ORDER - (No.C09-0002 RSM) - 8
4851-4228-3523.01
060109/1018

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600